1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    BOVIN MARCO OKOTH,                     No.    1:25-cv-01936-KES-SAB

12                     Petitioner,           ORDER DENYING MOTION FOR
                                             TEMPORARY RESTRAINING ORDER,
13          v.                               GRANTING RESPONDENTS' MOTION TO
                                             DISMISS, AND DISMISSING THE FIRST
14    POLLY KAISER, et al.,                  AMENDED PETITION FOR WRIT OF
                                             HABEAS CORPUS WITHOUT PREJUDICE
15                     Respondents.
                                             Docs. 5, 6, 14
16
                                             ORDER GRANTING PETITIONER'S
17                                           MOTION FOR LEAVE TO FILE UNTIMELY
                                             OPPOSITION
18
                                             Doc. 16
19

20

21          Petitioner Bovin Marco Okoth is an immigration detainee proceeding with a first amended

22   petition for writ of habeas corpus, Doc. 5, and a motion for temporary restraining order, Doc. 6.

23   Petitioner seeks his immediate release from immigration detention, arguing that his detention

24   violates the Due Process Clause of the Fifth Amendment and exceeds ICE's statutory authority

25   under Immigration and Nationality Act ("INA") § 236(a) [8 U.S.C. § 1226(a)].  Doc. 6.

26   Respondents move to dismiss the petition, arguing that petitioner is in removal proceedings and

27   has conceded his removability, and that petitioner has not yet exhausted his administrative

28   remedy as a § 1226(a) bond hearing is set for an upcoming date in his immigration proceedings.

                                             1

Doc. 14.  For the reasons set forth below, petitioner's motion for a temporary restraining order is denied and respondents' motion to dismiss is granted, as the Court finds that petitioner has failed to exhaust his administrative remedy of a § 1226(a) bond hearing.

### I.    Background

Petitioner is a citizen of Kenya who lawfully entered the United States on a student visa in April 2001.  Doc. 5 ¶¶ 20–21.  Petitioner overstayed that visa and remained in the United States.  *Id.* ¶ 22.  He subsequently married a U.S. citizen.  *Id.* ¶ 26.  ICE agents arrested petitioner on December 12, 2025, when he appeared at a scheduled adjustment of status interview.  Doc. 6-3 at 2.  Petitioner was subsequently transported to the California City Detention Facility.  Doc. 6 at 2.

On December 22, 2025, petitioner appeared before an immigration judge.  Doc. 14, Ex. B.  At the hearing, petitioner conceded the charge of removability and made a bond request.  *Id.*  After considering petitioner's counsel's availability, the immigration judge advanced the proposed bond hearing date from February 18, 2026, to February 11, 2026.  *Id.*

Petitioner filed a first amended petition for writ of habeas corpus, Doc. 5, and a motion for temporary restraining order, Doc. 6.  Petitioner argues that that the Due Process Clause requires his release and that his detention exceeds ICE's authority under § 1226(a).  Doc. 6-3 at 4–5.  Respondents filed an opposition to the motion for temporary restraining order, and a motion to dismiss the habeas petition.  Doc. 14.  Petitioner filed an opposition to the motion to dismiss and a reply to the motion for temporary restraining order.[1]  Doc. 15.  The matter is fully briefed and neither party has requested a hearing.

### II.    Legal Standard

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical."  *See Stuhlbarg Int'l Sales Co. v. John D. Bush & Co.*, 240 F.3d 832, 839

---

[1] On December 19, 2025, the Court issued a briefing schedule, which included a December 29, 2025 deadline for petitioner to file a reply, if any.  Doc. 12.  On December 30, 2025, petitioner filed his opposition to the motion to dismiss and reply to the motion for temporary restraining order.  Doc. 15.  Concurrently, petitioner filed a motion for leave to file a late opposition, Doc. 16, which respondents do not oppose.  The Court finds that petitioner has established excusable neglect under Fed. R. Civ. P. 6(b)(1)(B).  *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 & n.3 (9th Cir. 2000).  Accordingly, petitioner's motion for leave to file a late opposition is granted.

n.7 (9th Cir. 2001).  "A preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [his] favor, and that an injunction is in the public interest."  *Id.* at 20 (citing *Munaf*, 553 U.S. at 689–90; *Amoco Prod. Co. v. Vill. of Gambell, AK*, 480 U.S. 531, 542 (1987); *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311–12 (1982)).  "Likelihood of success on the merits is a threshold inquiry and is the most important factor."  *Simon v. City & Cnty. of San Francisco*, 135 F.4th 784, 797 (9th Cir. 2025) (quoting *Env't Prot. Info. Ctr. v. Carlson*, 968 F.3d 985, 989 (9th Cir. 2020)).  "[I]f a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied."  *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted).

An initial issue is whether petitioner has exhausted his administrative remedies.  "If a petitioner fails to exhaust prudentially required administrative remedies, then 'a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies,'" unless exhaustion is excused.  *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (citing *Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011)).

**III.    Discussion**

The parties agree that petitioner is detained under 8 U.S.C. § 1226(a).  Docs. 6-3 at 5; 14 at 5.  Respondents argue that petitioner's due process claim fails, in part, because petitioner will be afforded an individualized custody determination as a § 1226(a) bond hearing has been scheduled, at his request, in his immigration proceedings.  Doc. 14 at 5–6.  Respondents further argue that, as petitioner has conceded his removability, his detention under 8 U.S.C. § 1226(a) is lawful.  *Id.* at 4–6.

1    Petitioner fails to establish a due process right to a pre-deprivation hearing prior to his

2    detention and fails to establish that his arrest exceeded the government's statutory authority under

3    § 1226(a).[2] "Under § 1226(a), the Attorney General has 'general, discretionary' authority to

4    detain a non-citizen 'pending a decision on whether the alien is to be removed from the United

5    States.'" *Hernandez*, 872 F.3d at 982 (internal citation omitted).  Section 1226(a) also provides

6    the Attorney General with discretion to release non-citizen detainees on bond or conditional

7    parole.  8 U.S.C. § 1226(a)(2).  Petitioner cites to cases in which courts have found that a non-

8    citizen developed a liberty interest after being released by the government pursuant to 1226(a),

9    and that due process required a pre-deprivation bond hearing before that release could be revoked

10   and the non-citizen re-detained.  *See, e.g.*, *Claros v. Albarran*, No. 25-cv-09473-EMC, 2025 WL

11   3089518 (N.D. Cal. Nov. 5, 2025).  But, here, petitioner was not previously granted release by

12   immigration authorities.  Respondents indicate, and petitioner does not dispute, that ICE has no

13   record of contact with petitioner prior to the date of his detention.  Doc. 14-3 at 1; *see* Doc. 15.

14   The present record reflects that petitioner was detained, and immigration removal proceedings

15   were initiated against him under § 1226(a), for the first time in December 2025.  Petitioner has

16   since appeared before an immigration judge, and he has a § 1226(a) bond hearing currently set in

17   those proceedings.

18   The threshold issue is whether petitioner should be required to exhaust his administrative

19   remedy of a § 1226(a) bond hearing prior to seeking habeas relief.  The Ninth Circuit has found

20   § 1226(a)'s procedures to be facially valid, although an as-applied due process challenge to

21   § 1226(a)'s procedures is not foreclosed.  *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213 (9th

22   Cir. 2022) (finding § 1226(a)'s procedures satisfied due process both facially and as applied to

23   Rodriguez Diaz but noting "we do not foreclose all as-applied challenges to § 1226(a)'s

24   procedures").

25   ///

26

27   ---

     [2] Petitioner does not assert, and this Order does not address, whether the government violated any
     other provisions of the INA or its implementing regulations in the context of petitioner's arrest.

28

4

A court may require prudential exhaustion when:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Hernandez*, 872 F.3d at 988 (quoting *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)).  If the *Puga* factors weigh in favor of prudential exhaustion, a court may nonetheless waive exhaustion if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Id.* (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).  If petitioner is prudentially required to exhaust administrative remedies but fails to do so, a district court may dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted administrative remedies.  *Id.*

As to the first *Puga* factor, the Court agrees that "agency expertise is not necessary to generate a proper record or reach a proper decision," when, as here, "[i]t is undisputed by the parties before the Court that petitioner is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a)."  *Hernandez Burruel v. Murray*, No. 1:25-cv-01569-DAD-AC, 2025 WL 3240356, at *3 (E.D. Cal. Nov. 20, 2025).

But as to the second *Puga* factor, the Ninth Circuit has held that section 1226(a) provides facially constitutional procedures, *Rodriguez Diaz*, 53 F.4th at 1213, and petitioner has not established at this point that those procedures would be constitutionally inadequate as applied to him.  In his motion, petitioner seeks an order for his immediate release.  Granting petitioner's requested relief would "bypass" the administrative scheme under § 1226(a) and its implementing regulations.  Such relief was warranted in *Hernandez Burruel* as the petitioner in that case had not had an opportunity to request a bond hearing because he had not been placed within the immigration court's jurisdiction.  *See Hernandez Burruel*, 2025 WL 3240356, at *3.  Here, in contrast, petitioner is in immigration proceedings and already has a § 1226(a) bond hearing

1    scheduled. Doc. 14, Ex. B. In this case, the second *Puga* factor weighs in favor of requiring

2    petitioner to exhaust his administrative remedy of a § 1226(a) bond hearing.

3        The third *Puga* factor, whether administrative review would be likely to allow the agency

4    to correct its own mistake and to preclude the need for judicial review, also weighs in favor of

5    requiring petitioner to exhaust his administrative remedy. Petitioner does not dispute that he is

6    being detained under section 1226(a), that he has had a hearing before an immigration judge, that

7    a bond hearing has been scheduled, and that he has ongoing immigration proceedings. It is

8    undisputed that petitioner is entitled to a prompt bond hearing and detention determination under

9    § 1226(a). Requiring petitioner to exhaust his administrative remedy under § 1226(a) through the

10   immigration court would allow the agency to timely address the detention issue and may

11   "preclude the need for judicial review." *Puga*, 488 F.3d at 815.

12       The *Puga* factors weigh in favor of requiring petitioner to exhaust his administrative

13   remedy of a § 1226(a) bond hearing. Such a hearing is a facially constitutional procedure,

14   *Rodriguez Diaz*, 53 F.4th at 1197, 1202, and petitioner has not established on the present record

15   that this remedy would be futile or inadequate in his case. As petitioner's bond hearing has been

16   scheduled, it would be premature to find that this administrative remedy would be futile. And

17   petitioner does not argue that the scheduling of his bond hearing has been unduly delayed.

18   Petitioner has thus not established that waiver of the exhaustion requirement is warranted.

19       As petitioner has failed to exhaust his administrative remedy of a § 1226(a) bond hearing,

20   and such a hearing has already been scheduled at his request in his immigration proceedings,

21   respondents' motion to dismiss is granted and the petition is dismissed without prejudice. *See*

22   *Hernandez*, 872 F.3d at 988 (district court may dismiss petition without prejudice when petitioner

23   has failed to exhaust administrative remedies).

24   ///

25   ///

26   ///

27   ///

28   ///

1

**IV.    Conclusion and Order**

2          Petitioner's motion for leave to file late opposition, Doc. 16, is granted.

3          Petitioner's motion for temporary restraining order, Doc. 6, is DENIED.

4          Respondents' motion to dismiss is GRANTED, and the first amended petition for writ of

5    habeas corpus is dismissed without prejudice.

6          The Clerk of Court is directed to close this matter.

7

8    IT IS SO ORDERED.

9        Dated:    January 7, 2026

                                                    UNITED STATES DISTRICT JUDGE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7